# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LAURIE and JOSHUA JOHNS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NUMBER: |
| vs. ) | |
| ) | CV-2011-00411 |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**NOW COME** Plaintiffs, Laurie and Joshua Johns, and as their Complaint against the Defendant Wells Fargo Bank, N.A., avers as follows:

## INTRODUCTION

Plaintiffs bring this action for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ( federal question), and 15 U.S.C. § 1640 (Truth in Lending Act).

2. Venue is proper here because the events giving rise to Plaintiffs' cause of action occurred in this district.

## THE PARTIES

3. Plaintiffs are adult residents of Baldwin County, Alabama.

4.      Defendant Wells Fargo Bank, N.A. (hereinafter referred to as "Wells Fargo"), is a corporation formed outside the State of Alabama. At all relevant times, Wells Fargo conducted business in Mobile County, Alabama.

## FACTUAL ALLEGATIONS

5.      On December 1, 2004, Plaintiffs executed a real estate mortgage with Pinnacle Financial Corporation in the amount of $101,128. Servicing of the loan was transferred to Wells Fargo.

6.      On November 24, 2010 beneficial interest in the Plaintiffs' mortgage and note was assigned to Wells Fargo. A written Assignment identifying Wells Fargo as the assignee was executed on November 24, 2010 and recorded in the probate office of Baldwin County, Alabama on or about December 28, 2010.

7.      The mortgage loan at issue was secured by the Plaintiffs' principal residence.

8.      The Truth-in-Lending Act, at 15 U.S.C. § 1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. Specifically § 1641(g) states:

> (g) Notice of new creditor
>       (1) In general
>       In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
>       (A) the identity, address, telephone number of the new creditor;
>       (B) the date of transfer;
>       (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>       (D) the location of the place where transfer of ownership of the debt is recorded; and
>       (E) any other relevant information regarding the new creditor.

(2) Definition

As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g).

9. Wells Fargo failed to provide to Plaintiffs, and the class described below, disclosures required by TILA Section 1641(g).

## COUNT ONE

10. Plaintiffs reallege the allegations above as if fully set out herein.

11. With respect to Plaintiffs, Wells Fargo received by assignment a beneficial interest in their mortgage and note.

12. Wells Fargo is a "creditor" within the meaning of 15 U.S.C. § 1641(g).

13. Said mortgage secures an interest in real estate which is used by Plaintiffs as their principal dwelling.

14. Upon receipt of that assignment Wells Fargo was required to notify Plaintiffs in writing of such transfer, within 30 days, and make all the disclosures set out above.

15. Wells Fargo failed to notify Plaintiffs at all and therefore failed to make the requisite disclosures.

WHEREFORE Plaintiffs demand judgment for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a).

KENNETH J. RIEMER
EARL P. UNDERWOOD, JR.
JAMES D. PATTERSON

                                                                         **Attorneys for Plaintiffs**

**OF COUNSEL**
**Underwood & Riemer, P.C.**
**21 South Section Street**
**Fairhope, Alabama 36532**
**(251) 990.5558 Telephone**
**(251) 990.0626 Facsimile**
kjr@alaconsumerlaw.com
epunderwood@alalaw.com
jpatterson@alalaw.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Wells Fargo Bank, N.A.
C/o CSC LAWYERS INCORPORATING SRV INC
150 S PERRY ST
MONTGOMERY, AL 36104